JOANOS, Judge.
Edward Powell appeals a final judgment awarding child support for his two dependent children whose custody is with their mother, Janet Powell. Edward argues that the trial court’s use of a document entitled, “Proposal of Guidelines for Awarding Child Support” (Guidelines) without giving him an opportunity to review or challenge it, violates Section 90.204(3), Florida Statutes (1981) and Section 61.13(1), Florida Statutes (1981). We agree and reverse.
The Guidelines is a document that was developed by a committee appointed by the Eighth Judicial Bar Association. It provides a suggested formula for the award of child support in domestic cases.[1]
*1375 While there is no transcribed record of the child support hearing, the statement of evidence shows that prior to announcing the trial court’s decision, Judge Chance asked Edward’s attorney, Brown, if he was familiar with the Guidelines. Brown answered that he was unaware of any such guidelines. Judge Chance then stated that no evidence had been presented to justify any deviation from the Guidelines and proceeded to award child support using the Guidelines.
While the use of a uniform scale or formula may very well be a very fair and reasonable way to determine child support, we can find no support currently under Florida law for use of the Guidelines in the manner utilized by the trial court. Section 90.204(3), Florida Statutes (1981) requires that “[i]f a court resorts to any documentary source of information not received in open court, the court shall make the information and its source a part of the record in the action and shall afford each party reasonable opportunity to challenge such information, and to offer additional information, before judicial notice of the matter is taken.” Resort to the Guidelines without making them part of the record or allowing Edward an opportunity to challenge them is clearly violative of Section 90.204(3). Section 61.13(1), Florida Statutes (1981), allows the court discretion to award “such [child] support as from the circumstances of the parties and the nature of the case is equitable.” There is no provision that a trial court may apply guidelines to determine the amount of child support other than in the manner provided by Section 90.204(3).
Accordingly, the child support award is REVERSED and REMANDED for further proceedings consistent with this opinion.
LARRY G. SMITH and NIMMONS, JJ., concur.

.The entire document reads as follows:
PROPOSAL OF GUIDELINES FOR AWARDING CHILD SUPPORT
The Special Committee appointed by the Eighth Judicial Bar Association, having reviewed guidelines adopted in other Circuits in Florida and in other States as well as appropriate economic literature and having met on a number of occasions to discuss the issue of guidelines for awarding child support has accepted the following premise:
There is a need for some preliminary guidelines for awarding child support. Although we recognize that each case is different and must be determined on its own merits, it is also important that there be some uniformity.
Therefore, we suggest the following guidelines:
1. The total amount needed to support one child is equal to twenty-five percent (25%) of the total net income of both parents.
2. The total amount needed to support two (2) children is equal to thirty-five percent (35%) of the total net income of both parents.
3. The total amount needed to support three (3) or more children is equal to forty percent (40%) of the total net income of both parents.
4. The net income of each parent is defined as his/her gross income less the following:
a. Federal income tax.
b. State income tax.
c. Social Security.
d. Health insurance for dependent children.
e. Union dues.
f. Obligatory pension contributions.
g. Necessary occupational expenses (e.g., child care).
h. Support paid for prior children.
5. The total amount needed for child support should be apportioned between the parents according to their relative net incomes.
Example: If the Father’s net income is Fifteen Thousand Dollars ($15,000.00) and the Mother’s net income is Ten Thousand Dollars ($10,000.00), then the Father should contribute fifteen twenty-fifths (⅛) of the total needed and the Mother should contribute ten twenty-fifths (⅛).
6. The above guidelines should be used only subject to the recognition that the amount of *1375 child support to be awarded is always within the sound discretion of the Court. In making a determination the Court should consider all relevant factors, including:
a. Whether a parent’s income is artificially high or low.
b. The age, emotional and physical condition of the child.
c.Additional benefits provided by employment to either parent other than direct income.
Members of the Committee:
Honorable Chester B. Chance Charles G. Felder Randall Hooper Michelle Vaughns